UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ARLEN E. DOWDY, et al.,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>VA DEPARTMENT OF VETERANS AFFAIRS REGIONAL OFFICE and KATHY MALIN, Director of VA Department of Veterans Affairs Regional Office<br><br>　　　Defendants, | Case No.: 1:15-cv-00247-EJL-REB<br><br>**REPORT AND RECOMMENDATION RE: MOTIONS FOR A MORE DEFINITE STATEMENT AND TO DISMISS**<br><br>**(Docket Nos. 5 & 6)**<br><br>**ORDER RE: DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE ANSWER**<br><br>**(Docket No. 2)** |

Now pending before the Court are Defendants' Motions for a More Definite Statement and to Dismiss (Docket Nos. 5 & 6) and Motion for Extension of Time to File Answer (Docket No. 2). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Report and Recommendation and Order:

### BACKGROUND

On or around June 15, 2015, Plaintiffs sued Defendants in Small Claims Court. *See* Clm. (Docket No. 1, Att. 2). As the basis for their "Claim," Plaintiffs alleged: "Letter from Defense Finance and Accounting Services Retired and Annuitant Pay, P.O. Box 7130-Retired Pay, London, KY 40742-7130." *Id*. at p. 2. Plaintiffs provided no other bases for their Claim; moreover, the referenced letter was not attached to the Claim.

On July 7, 2015, Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1442(a)(1). *See generally* Notice of Removal (Docket No. 1). One week later, Defendants

**REPORT AND RECOMMENDATION AND ORDER - 1**

filed the at-issue Motions, requesting that (1) Plaintiffs provide a more definite statement of their Claim, or, alternatively, (2) Plaintiffs' Claim be dismissed in its entirety for lack of subject-matter jurisdiction (if Plaintiffs' lawsuit is a challenge to a decision regarding their veteran's benefits).  *See generally* Mem. in Supp. of Mots. (Docket No. 5, Att. 1).  To date, Plaintiffs have not responded to either of Defendants' Motions.

## DISCUSSION

A. **Legal Standards**

   1. <u>Motion for More Definite Statement</u>

FRCP 12(e) provides, in relevant part: "A party may move for a more definite statement of a pleading which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  FRCP 12(e) motions are "not favored by the courts since pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim."  *Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152, 1154 (N.D. Cal. 2011).  A motion for more definite statement is used to provide a remedy for an unintelligible pleading rather than a correction for lack of detail.  *See Comm. for Immigrant Rights of Sonoma Cnty. v. Cnty. of Sonoma*, 644 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009).  When a pleading lacks detail and fails to state a claim for relief, the pleading is properly analyzed pursuant to FRCP 12(b)(6).  *See* Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1376, n.8 (3d ed.).  A motion filed pursuant to FRCP 12(e) "must point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).  "Such a motion is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted."  *True v. American Honda Motor Co., Inc.*, 520 F. Supp. 2d 1175, 1180 (C.D. Cal. 2007).  By contrast, "a[n] [FRCP] 12(e) motion is more

**REPORT AND RECOMMENDATION AND ORDER - 2**

likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

      2.      <u>Motion to Dismiss</u>

A motion to dismiss made pursuant to FRCP 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards; FRCP 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

**B.**    **A More Definite Statement is Necessary**

FRCP 12(e) provides a potential remedy in the event that a plaintiff has not complied with the pleading requirements of FRCP 8(a), the latter which states:

**REPORT AND RECOMMENDATION AND ORDER - 3**

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  The Ninth Circuit Court of Appeals has explained that, to comply with FRCP 8, "each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case . . . ."  *Bautista v. L.A. County*, 216 F.3d 837, 840 (9th Cir. 2000).  Therefore, to determine whether Defendants are entitled to a more definite statement of the complaint as to those "defects complained of and defects desired," the Court must address whether Plaintiffs' Claim complies with FRCP 8(a), i.e., whether it pleads a short statement of the elements of their claim/cause of action, identifying the transactions or occurrences giving rise to the claim/cause of action and the elements of their prima facie case.  As written, Plaintiffs' Claim does not do this.

Defendants are correct in saying that, as to Plaintiffs' Claim, "[t]here is no statement of any facts which give rise to a cause of action"; "[t]here is no statement of what cause of action Plaintiffs are bringing"; and "[w]ithout more information, Defendants cannot reasonably respond to the Claim."  Mem. in Supp. of Mots., p. 2 (Docket No. 5, Att. 1).  Combined, these realities highlight the need for Plaintiffs to provide a more definite statement – not to force Plaintiffs to disclose facts that would be later determinable through discovery, but to clarify the various causes of action alleged so as to fairly apprise Defendants of the nature of the claim(s) asserted.  A more definite statement will not give Defendants a head start in discovery, but will achieve the necessary clarification.  This can be accomplished by making a short and plain statement as required by FRCP 8(a).

**REPORT AND RECOMMENDATION AND ORDER - 4**

Accordingly, a more definite statement is in order and, in this respect, it is recommended that Defendants' Motion for a More Definite Statement (Docket No. 6) be granted and that Plaintiffs be ordered to file an amended pleading with the Court by a date certain, following the United States District Judge's consideration of this Report and Recommendation.  In the event that Plaintiffs so provide a more definite statement via an amended pleading, it is advised that Plaintiffs address the jurisdictional arguments raised within Defendants' contemporaneously-filed Motion to Dismiss (Docket No. 5) – namely, that "[t]his Court lacks subject-matter jurisdiction over claims relating to or affecting veterans' benefits decisions."  Mem. in Supp. of Mots., p. 3 (Docket No. 5, Att. 1) (citing and quoting *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023-26 (9th Cir. 2012)).  Until then, it is recommended that Defendants' Motion to Dismiss (Docket No. 5) be denied as moot, without prejudice to renew, if necessary.

## RECOMMENDATION AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that

1.  Defendants' Motion for a More Definite Statement (Docket No. 6) be **GRANTED** and that Plaintiffs be ordered to file an amended pleading with the Court by a date certain, following the United States District Judge's consideration of this Report and Recommendation; and

2.  Defendants' Motion to Dismiss (Docket No. 5) be **DENIED** as moot, without prejudice to renew, if necessary.

Pursuant to Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different

**REPORT AND RECOMMENDATION AND ORDER - 5**

time period." Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

IT IS FURTHER HEREBY ORDERED that Defendants' unopposed Motion for Extension of Time to File Answer (Docket No. 2) is **GRANTED**.

DATED: **November 10, 2015**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION AND ORDER - 6**