UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARLEN E. DOWDY, et al, <br><br> Plaintiffs, <br><br> v. <br><br> VA DEPARTMENT OF VETERANS AFFAIRS REGIONAL OFFICE and KATHY MALIN, Director of VA Department of Veterans Affairs Regional Office, <br><br> Defendants. | Case No. 1:15-CV-00247-EJL-REB <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION** |

**INTRODUCTION**

On November 10, 2015, United States Chief Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that the Defendants' Motion to for a More Definite Statement be granted and the Motion to Dismiss be denied without prejudice subject to renewal. (Dkt. 9.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). No written objections have been filed and the matter is ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days

of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

The Court has reviewed the Report as well as the entire record in this matter for clear error on the face of the record and none has been found.

## DISCUSSION

Plaintiffs, proceeding *pro se*, initiated this action in state court against the Defendants who removed the case to this Court. (Dkt. 1.) Thereafter, Defendants filed the pending Motion to Dismiss and Motion for a More Definite Statement. (Dkt. 5, 6.) The Plaintiffs did not responded to the Motions. The Report concludes a more definite statement is needed in this case in order for the Defendants to be fairly apprised of the nature of the claims asserted and the transactions or occurrences giving rise to the claims. (Dkt. 9.)

This Court has reviewed the briefing on the Motions, the Report, as well as the entire record herein. This review was undertaken with the Court being mindful that the Plaintiffs are *pro se* litigants and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary pro se litigant, like other litigants, must comply strictly

with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)). Applying these principles here, this Court is in agreement with the reasoning and conclusion of the Report and adopts the same as its own.

The Complaint does not satisfy Federal Rule of Civil Procedure 8's requirement that it set forth a short statement of the elements of the claim. As such, a more definite statement from the Plaintiffs is required in order for the Defendants to be fairly apprised of the nature of the claims and the facts making up the basis for those claims. Fed. R. Civ. P. 12(e). Such clarification is necessary before the Court can address the jurisdictional challenges made in the Defendants' Motion to Dismiss. For these reasons and those stated in the Report, the Court will grant the Motion for a More Definite Statement and deny without prejudice the Motion to Dismiss. As stated in the Report, the Court will direct Plaintiffs to provide a more definite statement by filing an amended pleading which clarifies the cause or causes of action claimed and the factual basis for the claims. The amended pleading should also address the jurisdictional arguments raised in the Defendants' Motion to Dismiss. (Dkt. 5.) This amended pleading shall be filed on or before March 21, 2016. The Plaintiffs are advised that failure to file an amended pleading may result in dismissal of the case without further notice from the Court.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on November 10, 2015 (Dkt. 9) is **ADOPTED IN ITS ENTIRETY** as follows:

1. The Defendants' Motion for More Definite Statement (Dkt. 6) is **GRANTED**. Plaintiffs shall file an amended pleading clarifying their claims as well as the jurisdictional and factual basis underlying their claims as stated herein on or before **March 21, 2016**. Failure to file an amended pleading may result in dismissal of this action without further notice.

2. The Defendants' Motion to Dismiss (Dkt. 5) is **DENIED WITHOUT PREJUDICE** with leave to renew the same within thirty-days after Plaintiffs file their amended pleading as stated herein.

DATED: **February 19, 2016**

Honorable Edward J. Lodge
U. S. District Judge